IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON RUIZ,

        Plaintiff,                    No. CIV S-09-0318 GGH P

   vs.

DR. AKINTOLA, et al.,

        Defendants.             <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 10, 2009, plaintiff consented to the jurisdiction of the undersigned.

        Pending before the court is the request for injunctive relief contained in the complaint filed February 4, 2009. For the following reasons, this request is denied

        On February 4, 2009, plaintiff filed a complaint alleging that on November 12, 2008, he had major reconstructive surgery on his left knee at the U.C. Davis Hospital. Plaintiff alleged that when he returned to Mule Creek State Prison after the surgery, the written orders for physical therapy from U.C. Davis Hospital were not in his medical file. When he returned to U.C. Davis Hospital on December 22, 2008, the doctors there sent plaintiff back to Mule Creek State Prison with orders for a nine month rehabilitation physical therapy program. Plaintiff was

1

told that if he did not receive the physical therapy, he would become disabled and most likely require another surgery.

Plaintiff alleged that the last time he received physical therapy or saw a doctor at Mule Creek State Prison was on December 17, 2008. Despite severe pain, plaintiff claimed that he had received no pain medication since January 18, 2009.

On February 17, 2009, the court granted defendants an opportunity to respond to plaintiff's request for injunctive relief. On March 6, 2009, the court received a letter from defense counsel stating that plaintiff was provided with physical therapy after his surgery on November 12, 2008, and that his last session was on February 23, 2009. On March 23, 2009, the court received another letter from defense counsel stating that plaintiff had been prescribed pain medication continually from the date of his surgery throughout the month of February 2009. Counsel stated that there was an unexplained gap in the medication distribution record from January 18, 2009, to February 4, 2009, during which there was no evidence that plaintiff actually received pain medication. However, the record shows that plaintiff again began receiving his pain medication on February 4, 2009.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

/////

1         In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

        On March 16, 2009, plaintiff filed a letter with the court confirming defendants' representations that he is now receiving pain medication and physical therapy. Accordingly, his request for injunctive relief is moot.

        In his March 16, 2009, letter, plaintiff claims two nurses are now crushing his pain medication. Plaintiff alleges that the crushed pain medication does not relieve his pain. Plaintiff seeks an order from the court directing the nurses not to crush his medication. The issue of crushed pain medication was not the subject of plaintiff's original request for injunctive relief. Defendants have not addressed this particular claim. For these reasons, the court will not address this issue in this order. If plaintiff seeks injunctive relief regarding the receipt of crushed pain medication, he must file a new motion for injunctive relief. <u>See</u> Fed. R. Civ. P. 7 (b)(requests for a court order must be made by motion).

        Accordingly, IT IS HEREBY ORDERED that plaintiff's request for injunctive relief, contained in the complaint filed February 4, 2009, is denied.

DATED: March 31, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

ruiz318.pi