IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON RUIZ,

    Plaintiff,               No. CIV S-09-0318 GGH P

  vs.

DR. AKINTOLA, et al.,

    Defendants.           <u>ORDER</u>

_____/

        On March 31, 2009, the court denied plaintiff's request for injunctive relief contained in his complaint. In the complaint, plaintiff alleged that he was being denied physical therapy and pain medication following knee surgery. On March 6, 2009, defendants informed the court that plaintiff was receiving physical therapy. On March 23, 2009, defendants informed the court that plaintiff was receiving pain medication, although there was an unexplained gap in the medication distribution record from January 18, 2009, to February 4, 2009.

        On March 30, 2009, plaintiff filed a renewed request for injunctive relief. In this request, plaintiff claims that on March 26, 2009, he was told by a registered nurse that his pain medication had been discontinued because he was doing better. Plaintiff also alleges that he has not received physical therapy in three weeks.

/////

1         Attached to defendants' March 23, 2009, pleading as an exhibit is a note from the physical therapist dated February 6, 2009. See court file doc. 15-2, p. 67 of 77. This note states, in relevant part, "I believe that physical therapy can alleviate his acute symptoms and per UCD I will see him 1-2/wk. Up to 8 visits with your approval." Id. Attached to defendants' March 23, 2009, response are records from plaintiff's physical therapy sessions. The date of the latest session was March 9, 2009. Court file doc. 15-2, p. 59 of 77. If the last time plaintiff saw the physical therapist was on March 9, 2009, as of March 26, 2009, i.e. the date he signed his latest request for injunctive relief, then the recommendation by UCD for physical therapy was not honored by defendants.

        Regarding plaintiff's request for pain medication, in Dr. Naseer's declaration submitted in support of defendants' March 23, 2009, pleading, he states that normally patients who undergo ACL knee surgery, like plaintiff, only require pain medication for four to six weeks following surgery. Plaintiff's surgery was performed in November 2008.

        In the physical therapist's February 6, 2009, note, he states that plaintiff suffers constant pre-patellar pain with episodes of the knee collapsing secondary to pain. The physical therapist states that plaintiff's problem does not appear to be associated with his ACL reconstruction but to be an acute patello-femoral syndrom with a positive patella femoral grinding test. He states that plaintiff had minor patello-femoral discomfort but was tolerating it until his pain medication was discontinued on January 18, 2009. Per the physical therapist, plaintiff's need for pain medication may not be directly related to the knee surgery.

        The court is concerned by plaintiff's renewed claims that he is being denied physical therapy and pain medication, although the court is also concerned about possible manipulation of his medical condition by the plaintiff for the purpose of receiving pain medication. Defendants are granted ten days to respond to these allegations.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants are granted ten days to respond to plaintiff's claim that his pain medication has been improperly discontinued and that he has not received regular physical therapy.

2. The Clerk of the Court is directed to electronically serve this order on Supervising Deputy Attorney General Tracy S. Hendrickson: Tracy.Hendrickson@doj.ca.gov.

DATED: April 2, 2009

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ruiz318.fb